UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KAYLA BROOKS                              CIVIL DOCKET NO. 6:25-cv-00577

VERSUS                                    JUDGE DAVID C. JOSEPH

WAL-MART LOUISIANA, LLC                   MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") filed by Defendant Wal-Mart Louisiana, LLC ("Defendant" or "Walmart"). [Doc. 30]. Plaintiff Kayla Brooks ("Plaintiff") filed an Opposition, and Defendant filed a Reply. [Docs. 34, 37]. For the following reasons, the Motion is GRANTED.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of a slip and fall that occurred on March 10, 2024, at a Walmart located in Broussard, Louisiana. [Doc. 30-2, p. 4]. Plaintiff claims that she was walking down the bottled water aisle when she slipped and fell after stepping on a wet substance on the floor. [Doc. 30-3, pp. 11-12]. Video surveillance of the incident was captured. [Doc. 30-15, *see* manual attachment].

On March 10, 2025, Plaintiff filed suit in the 15th Judicial District Court for Lafayette Parish, asserting claims under the Louisiana Merchant Liability Act ("LMLA"), La. Rev. Stat. § 9:2800.6. [Doc. 1-2]. Defendant removed the matter to this Court on April 29, 2025, on the basis of diversity jurisdiction. [Doc. 1].

On April 15, 2026, Defendant filed the instant Motion. [Doc. 30]. In its Motion, Defendant contends that Plaintiff cannot establish an essential element of her LMLA

action, specifically that Defendant: (i) created the puddle; or (ii) had actual or constructive notice of the puddle's existence prior to Plaintiff's accident. [Doc. 30-2]. Plaintiff filed her Opposition on May 6, 2026. [Doc. 34]. In her Opposition, Plaintiff argues that Defendant: (i) had constructive notice of the puddle because of its size and the high-risk nature of the water aisle; (ii) failed to exercise reasonable care by maintaining no set inspection schedule or documentation of any aisle inspections; and (iii) intentionally spoliated surveillance video evidence despite a notice to preserve, thus warranting an adverse inference under Federal Rule of Civil Procedure 37(e) that the allegedly destroyed evidence was unfavorable to Defendant. [*Id.*].

In Reply, Defendant argues that: (i) all relevant video evidence was preserved, rendering Plaintiff's spoliation argument inapplicable; (ii) arguments of inspection failures and staffing deficiencies are legally insufficient to establish the LMLA's temporal element; and (iii) the theory that a drop of water expanded into a medium-sized theory is pure speculation, and puddle-size alone cannot satisfy the LMLA's temporal element. [Doc. 37]. All issues having been briefed by the parties, the Motion is ripe for ruling.

**SUMMARY JUDGMENT STANDARD**

A court should grant a motion for summary judgment when the movant can show that "there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart La.*,

*L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  But there is no genuine issue for trial – and thus a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## LAW AND ANALYSIS

### I.    Louisiana's Merchant Liability Act

In a diversity case such as this one, federal courts apply state substantive law. *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Here, Plaintiff's claims against the Defendant for her alleged injuries are governed by the LMLA.  The LMLA imposes a duty of care on a merchant to those lawfully on its premises "to keep the premises free of any hazardous conditions which reasonably might give rise to damage."  La. Rev. Stat. § 9:2800.6(A).  When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition on the merchant's premises, a plaintiff bears the burden of proving the existence of a hazardous condition and that:

1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;

2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and

3) The merchant failed to exercise reasonable care.

La. Rev. Stat. § 9:2800.6(B).

Importantly, a plaintiff bears the burden of proof as to each of these three elements. Indeed, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So. 3d 513, 515 (La. App. 3d Cir. 2011), *citing White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081 (La. 1997); *see also Ferrant v. Lowe's Home Ctrs., Inc.*, 494 F. App'x 458, 460 (5th Cir. 2012).

## II.    Plaintiff Presents No Evidence That Defendant Created or Had Actual or Constructive Notice of the Condition

Under La. Rev. Stat. § 9:2800.6(B), a plaintiff must demonstrate that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Plaintiff does not contend and has not submitted evidence showing that Defendant created the condition. *See* [Doc. 34]. Instead, Plaintiff asserts that Defendant had actual or constructive notice of the condition. *See* [*Id*.]. At bottom, Plaintiff contends that Defendant's inadequate inspection procedures and lack of documentation as to who inspected the water aisle, along with the puddle's size, amount to constructive notice of the puddle's existence. [*Id*. at p. 21].

### A.    Actual Notice

Here, there is no summary judgment evidence that Defendant had actual notice of the condition that caused Plaintiff to fall. Plaintiff stated in her deposition that she saw an individual holding a computer in the water aisle who she believed was a Walmart employee, but the video evidence does not show a person holding a computer near the water aisle before Plaintiff's fall. [Doc. 30-3, pp. 22-24]; *but see*

[Doc. 30-15, *see* manual attachment]. Furthermore, Plaintiff's daughter testified that she does not know of a Walmart employee with actual knowledge of the spill. [Doc. 30-4, pp. 19-20]. And the surveillance video does not indicate a Walmart employee near the puddle or any incidents prior to Plaintiff's fall that would have alerted Defendant's personnel. [Doc. 30-15, *see* manual attachment]. Nor is there any other relevant evidence in the record indicating that Defendant had actual notice of the condition.[1] Thus, there is no genuine dispute of material fact regarding whether Defendant had actual notice of the existence of the allegedly hazardous condition on the floor.

---

[1] Plaintiff argues that Defendant intentionally destroyed another camera angle that would have captured the condition of the floor prior to Plaintiff's fall, the duration of the hazard, and whether Walmart employees inspected the area. [Doc. 34, pp. 23-25]. Accordingly, Plaintiff asks this Court to apply an adverse inference under Federal Rule of Civil Procedure 37(e) because, according to Plaintiff, Defendant's failure to preserve this camera angle was intentional and prejudicial. [*Id.*]. But in support of its Motion, Defendant submitted the affidavit of the Asset Protection Associate on duty at the time of the accident, Kimberly Comeaux. [Doc. 30-5]. In her affidavit, Ms. Comeaux attests that the allegedly destroyed camera angle did not capture the water aisle, and thus it did not capture relevant evidence. [*Id.*, p. 2, ¶¶ 10-11].

Notably, Plaintiff has only offered argument – not actual evidence – to challenge the veracity of Ms. Comeaux's affidavit and the basis for her personal knowledge. *See* [Doc. 34, pp. 23-25]. Because Plaintiff has failed to controvert Ms. Comeaux's affidavit with proper summary judgment evidence, and because this Court cannot weigh credibility at the summary judgment stage, the affidavit must be accepted as true. Furthermore, under Rule 37(e), an adverse inference would only be warranted if Plaintiff demonstrates that Defendant acted "with the intent to deprive" Plaintiff of the video. Upon review of the Walmart representative's deposition testimony and Ms. Comeaux's affidavit, this Court finds that Defendant did not act prejudicially but instead in accordance with its own policies. *See* [Doc. 30-8, pp. 20-24]; *see also* [Doc. 30-5]. Accordingly, an adverse inference is not warranted.

## B.    Constructive Notice

A plaintiff demonstrates constructive notice when "the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."  La. Rev. Stat. § 9:2800.6(C)(1). Importantly, "[t]he statute does not allow for the inference of constructive notice absent some showing of this temporal element."  *White*, 699 So. 2d at 1084.  Thus, "a simple showing that the condition existed is insufficient for a finding of liability and recovery."  *Zeringue v. Wal-Mart Stores, Inc.*, 62 So. 3d 276, 279 (5th Cir. 2011).  Nor is "'[m]ere speculation or suggestion' … sufficient to [show constructive notice]." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007), *quoting Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2d Cir. 2003).  Consequently, "courts will not infer constructive notice … where the plaintiff's allegations are 'no more likely than any other potential scenario.'"  *Id.*, *quoting Allen*, 850 So. 2d at 899.

Here, Plaintiff only offers "[m]ere speculation or suggestion" as to what caused the puddle on the floor.  *Bagley*, 402 F.3d at 330 (internal quotation marks omitted). That is, Plaintiff has not offered, nor does the record contain, any evidence that the substance existed for some time prior to Plaintiff's fall.  Specifically, Plaintiff states that she does not know the origin of the spill nor could she determine how long the spill had existed before she fell. [Doc. 30-3, pp. 25, 40].  Similarly, Plaintiff's daughter testified that she could not determine the origin or duration of the puddle.  [Doc. 30-4, pp. 12, 19-21].  And Defendant's corporate representative testified that he was not aware of how long the spill existed before Plaintiff fell. [Doc. 30-9, pp. 3-4].  Moreover,

the video surveillance footage does not confirm the presence of a substance on the floor, nor does it provide any basis from which the duration or source of the condition's existence could be inferred.  [Doc. 30-15, *see* manual attachment].

Plaintiff argues that Defendant's allegedly inadequate safety procedures and failure to document which employee last inspected the water aisle are sufficient to create a genuine dispute of material fact as to whether Defendant had constructive notice of the spill.  [Doc. 34, pp. 9-22].  But the LMLA does not place a burden of proof on merchants to put forth evidence of reasonable inspection procedures or demonstrate a lack of constructive notice.  *See Finley v. Racetrac Petroleum, Inc.*, 137 So. 3d 193, 199 (La. App. 2d Cir. 2014) ("[R]eliance upon the sparsity of employees or the lack of cleaning or inspection policies … provide[s] no factual support for the temporal element necessary to find constructive notice.  They[,] instead, create mere speculation or suggestion that [the defendant] knew or should have known about the dangerous condition, which is not enough to meet the stringent burden imposed [by] La. Rev. Stat. § 9:2800.6.")

At bottom, Plaintiff must show more than the spill's mere existence to demonstrate constructive notice; rather, she must show that the condition existed for "some time" such that Defendant should have known of the spill's existence.  *See White*, 699 So. 2d at 1084 ("A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.").  To be clear, under La. Rev. Stat. § 9:2800.6, the burden never shifts to the

defendant to disprove any of the three elements; the burden remains with the plaintiff. *See id.* at 1085 ("The claimant bears the burden to show that the condition existed for some period of time. Requiring the defendant to disprove its existence is again a shifting of the burden which is impermissible under the statute.").

Here, because Plaintiff has failed to put forth evidence that creates a genuine dispute of material fact as to whether the spill existed for such a time that Defendant had constructive notice, summary judgment is warranted. *See, e.g., Donaldson v. Sam's E., Inc.,* 2021 WL 4898724, at *4 (5th Cir. Oct. 20, 2021), *quoting White,* 699 So. 2d at 1082 (finding plaintiff could not survive summary judgment on constructive notice theory because plaintiff failed to "come forward with positive evidence showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence"); *see also, e.g., Mills v. Cyntreniks Plaza, L.L.C.,* 182 So. 3d 80, 84 (La. App. 1st Cir. 2015) (no constructive notice when witnesses did not know how condition came to be on the floor, how long it was present, or see anyone drop anything). Accordingly, there is no genuine dispute of material fact precluding summary judgment on the second element of Plaintiff's LMLA claim. The Court need not analyze the remaining elements of the LMLA to find that summary judgment is appropriate in this case. *See Peterson v. Brookshire Grocery Co.,* 751 F. App'x 533, 535 (5th Cir. 2018).

## CONCLUSION

For the foregoing reasons, the Court finds that there is no genuine dispute of material fact, and the Defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

Accordingly,

IT IS HEREBY ORDERED that Defendant's MOTION FOR SUMMARY JUDGMENT [Doc. 30] is GRANTED.

THUS, DONE AND SIGNED in Chambers on this 19th day of May 2026.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE