**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **KAYLA BROOKS** | **CIVIL DOCKET NO. 6:25-cv-00577** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **WAL-MART LOUISIANA, LLC** | **MAGISTRATE JUDGE DAVID J. AYO** |

**ORDER**

Before the Court is a MOTION FOR RECONSIDERATION (the "Motion") filed by Plaintiff Kayla Brooks ("Plaintiff"). [Doc. 40]. Defendant Wal-Mart Louisiana, LLC filed an Opposition, and Plaintiff filed a Reply. [Docs. 43, 46]. After careful consideration of the parties' briefing, the relevant facts, and the applicable law, Plaintiff's MOTION FOR RECONSIDERATION is DENIED.

While the Federal Rules of Civil Procedure do not specifically recognize motions for reconsideration, the Fifth Circuit has explained that such a motion "will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Regardless, a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), *citing Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Thus, reconsideration is only appropriate where: (1) the judgment was based upon a manifest error of fact or law; (2) there exists newly discovered or previously unavailable evidence; or (3) there has been an intervening change in controlling law. *United States ex rel. Ramadoss v. Caremark Inc.*, 2009 WL 10670907, at *1 (W.D.

Tex. June 19, 2009), *citing Templet*, 367 F.3d at 478.  Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly.  *Templet*, 367 F.3d at 479; *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (stating that courts should not revisit its prior decisions "in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice'").

Plaintiff's main argument on reconsideration is that there are genuine issues of material fact surrounding whether Wal-Mart had constructive notice of the puddle.  As the Court stated in its Memorandum Ruling, [Doc. 38], Plaintiff presents no summary judgment evidence that Defendant had actual notice of the condition that caused Plaintiff to fall, nor does she offer evidence that creates a genuine dispute of material fact as to whether the spill existed for such a time that Defendant had constructive notice.  And Plaintiff has not put forth newly discovered or previously unavailable evidence that warrants this Court's reconsideration of its prior Ruling.  Consequently, the Court finds that there has been no showing that the Court's Ruling rendered on May 19, 2025, included any manifest errors of law or fact or that any newly discovered evidence has been presented.  Accordingly,

IT IS HEREBY ORDERED that Plaintiff's MOTION FOR RECONSIDERATION [Doc. 40] is DENIED.

THUS, DONE AND SIGNED in Chambers on this 2nd day of July 2026.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE